UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM EMIL SAMLAND, III,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SANTA ANA, SANTA ANA POLICE OFFICER BLAINE MOELLER (BADGE #1799), SANTA ANA POLICE OFFICER RUVACCABA (BADGE #2650),<br><br>　　　　Defendants. | Case No. SACV 07-441-GPS (OP)<br><br>MEMORANDUM AND ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND |

## I.

## PROCEEDINGS

On May 1, 2007, William Emil Samland ("Plaintiff") filed a pro se Civil Rights Complaint pursuant to 42 U.S.C. § 1983, after having been granted leave to proceed in forma pauperis. On July 19, 2007, the Complaint was dismissed with leave to amend for failure to state a claim.

On August 17, 2007, Plaintiff filed a First Amended Complaint ("FAC") pursuant to 42 U.S.C. § 1983. On August 23, 2007, the Court ordered service of

the FAC. On November 26, 2007, Defendants filed a Motion to Dismiss the FAC pursuant to Rule 12(b)(6) of he Federal Rules of Civil Procedure. On January 4, 2008, Plaintiff filed an Opposition to the Motion to Dismiss. On January 18, 2008, Defendants filed a Reply to the Opposition. On March 19, 2008, the Court dismissed the FAC with leave to amend pursuant to its sua sponte screening duty and denied Defendants' Motion to Dismiss as moot.

On April 19, 2008, Plaintiff filed a Second Amended Complaint ("SAC") pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court dismisses the SAC with leave to amend.

## II.

## LEGAL STANDARD

### A. Screening.

In forma pauperis complaints such as Plaintiff's are subject to the Court's sua sponte screening review under provisions of the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). See 28 U.S.C. § 1915(a). The court shall dismiss such a complaint, at any time, if the court finds that it (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (in forma pauperis complaints); Lopez v. Smith, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc).

### B. Failure to State a Claim.

Review under § 1915(e) for failure to state a claim is governed by the same standard applied in reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of a claim for relief. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Material allegations in the complaint are taken to

be true, as well as reasonable inferences that may be drawn from them. Id. "Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Id. (citing Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988)). A complaint also may be dismissed for failure to state a claim if it discloses a fact that necessarily defeats the claim. Franklin v. Murphy, 745 F.2d 1221, 1228-29 (9th Cir. 1984) (citing 2A James Wm. Moore, et al., Moore's Federal Practice ¶ 12.08). However, in civil rights cases where the plaintiff appears pro se, the pleadings must be construed liberally so as to afford the plaintiff the benefit of any doubt as to the potential viability of the claims asserted. Karim-Panahi v. L.A. Police Dept., 839 F. 2d 621, 623 (9th Cir. 1988).

C.  **Leave to Amend.**

If the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez, 203 F.3d at 1126-30. Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06.

### III.

### PLAINTIFF'S ALLEGATIONS

In the SAC, Plaintiff lists the City of Santa Ana as well as Officers Moeller and Ruvaccaba as Defendants. Plaintiff alleges that Defendants violated his

3

Fourth Amendment right to be free from unreasonable searches and to be free from the use of excessive force. Plaintiff also alleges state constitutional and statutory law violations. (SAC at 4.) The alleged violations resulted during his detention for jaywalking on April 20, 2006. (Id. at 4-5.) With regard to the alleged excessive force violation, Plaintiff alleges that Defendant Ruvalcaba "handcuffed me behind my back," "[t]he handcuffs were tightened, by Ruvalcaba, excessively too tight on my wrists, and cut off circulation to my hands." (Id. at 5.) Plaintiff seeks $100,000 in monetary damages. (Id. at 7.)

## IV.

## DISCUSSION

### Plaintiff Fails to Allege Facts Constituting Excessive Use of Force in Violation of the Fourth Amendment.

An allegation that law enforcement officials have used excessive force is properly analyzed under the Fourth Amendment's "objective reasonableness" standard. Graham v. Connor, 490 U.S. 386, 397, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989); Reed v. Hoy, 909 F.2d 324, 329 (9th Cir. 1989). This inquiry asks if the officers' actions were "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. Graham, 490 U.S. at 397. Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment. Id. at 396. The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments--in circumstances that are tense, uncertain, and rapidly evolving--about the amount of force that is necessary in a particular situation. Id. at 397.

Plaintiff has not alleged sufficient facts to support his claim that Defendant Ruvalcaba used excessive force when he handcuffed Plaintiff. (SAC at 5.) While he does state that the handcuffs and "cut off circulation" to his hands, he does not

allege that the incident caused him to suffer any injury as would be expected if the handcuffs had in fact cut off his circulation. (Id.) Accordingly, Plaintiff fails to state facts sufficient to support a claim for excessive force. Thus, the SAC is subject to dismissal.

V.

**CONCLUSION**

Based on the foregoing, Plaintiff has failed to state facts sufficient to support a claim of excessive force under the Fourth Amendment rights even under liberal pro se pleading standards. While the Court is not convinced Plaintiff will be able to state a claim of excessive force given the facts alleged, the SAC is dismissed with leave to amend. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that a pro se litigant must be given leave to amend his complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment).

If Plaintiff still wishes to pursue this action, he shall have thirty (30) days from the date of this Order within which to file a Third Amended Complaint, attempting to cure the defects in the Second Amended Complaint. The Third Amended Complaint shall not refer to the original complaint or the SAC. The Third Amended Complaint shall be complete in itself and must remedy the deficiencies discussed. Plaintiff may not use "et al." in the caption but must name each defendant against whom claims are stated. Furthermore, Plaintiff must use the blank Central District Civil Rights Complaint form accompanying this order, must sign and date the form, must completely and accurately fill out the form, and must use the space provided in the form to set forth all of the claims that he wishes to assert in his Third Amended Complaint. The Clerk is directed to provide Plaintiff with a blank Central District Civil Rights Complaint form.

///

1  Failure to comply with these requirements may result in the dismissal of this
2  action for failure to prosecute and/or failure to comply with a court order.  Failure
3  to remedy the deficiencies discussed may also result in a recommendation that the
4  action be dismissed.

**IT IS SO ORDERED.**

DATED: April 18, 2008

HONORABLE OSWALD PARADA
United States Magistrate Judge